**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

MARCO ANTONIO VERDUZCO-
MORETT,

        Defendant - Appellant.

No. 04-3383

(D.C. No. 03-CR-40143-JAR)

(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Defendant was indicted for re-entry into the United States after being deported for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(2). On June 22, 2004, Defendant pled guilty to the charge. In his plea agreement, Defendant

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

waived his appellate rights. After reviewing the presentence report and applying

the Sentencing Guidelines, the district court sentenced Defendant to 46 months'

imprisonment. Defendant now appeals to this court.

On appeal, Defendant contends that the district court's mandatory

application of the Sentencing Guidelines violated his constitutional rights under

*United States v. Booker*, __U.S.__, 125 S. Ct. 738 (2005). Before we address the

merits of Defendant's appeal, however, it is necessary to address an argument

made by the government in its brief, namely that Defendant waived his right to

appeal his sentence. Paragraph 9 of the plea agreement states:

> Defendant knowingly and voluntarily waives any right to appeal or
> collaterally attack any matter in connection with this prosecution,
> conviction and sentence. . . . By entering into this agreement, the
> defendant knowingly waives any right to appeal a sentence imposed
> which is within the guideline range determined appropriate by the
> court. The defendant also waives any right to challenge a sentence or
> otherwise attempt to modify or change his sentence or manner in
> which it was determined in any collateral attack, including, but not
> limited to, a motion brought under Title 28, U.S.C. § 2255 [except as
> limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th
> Cir. 2001)] and a motion brought under Title 18, U.S.C. §
> 3582(c)(2). In other words, the defendant waives the right to appeal
> the sentence imposed in this case except to the extent, if any, the
> court departs upwards from the applicable sentencing guideline range
> determined by the court.

Rec., Supp. Vol. 1, at 12-13 (Petition to Enter Plea of Guilty and Order Entering

Plea).[2]  In its brief, the government argues that Defendant's appeal rights, at least as to the issues raised in this appeal, were waived.

Our general rule favors enforcing "plea agreements and their concomitant waivers of appellate rights," *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004) (en banc).  In deciding whether to enforce the waiver, we must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id.* at 1325.

The language of Defendant's waiver is quite broad:  "Defendant knowingly and voluntarily waives *any* right to appeal or collaterally attack *an*y matter in connection with this prosecution, conviction and sentence," Rec., Supp. Vol. I, at 12 (Petition to Enter Plea of Guilty and Order Entering Plea) (emphasis added).  This all-encompassing language demonstrates Defendant's intent to waive all potentially appealable issues.  Because he did not expressly reserve an exception for the instant challenge, Defendant's *Booker* argument is within the scope of his waiver.

Defendant has not argued that his waiver was not knowingly and

---

[2]Two supplemental record submissions were filed with the court labeled Supplemental Volume One.  The supplemental record cited in this Order and Judgment refers to the March 27, 2005, submission.

voluntarily given; therefore, we need not address this issue and presume it admitted. *See United States v. Anderson*, 374 F.3d 955, 958-59 (10th Cir. 2004) (determining that appellant effectively admitted to knowingly and voluntarily waiving his appellate rights because he did not contest the issue).

Finally, the facts of this case do not demonstrate that enforcement of the waiver will result in a miscarriage of justice. We have outlined the following four situations where we will not enforce a waiver because doing so would result in a miscarriage of justice: "'[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.'"[3] *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). The record does not support an argument sufficient to demonstrate a miscarriage of justice.

---

[3]In outlining what is sufficient to establish the fourth exception to the waiver rule, we held that "'the error [must] seriously affect[] the fairness, integrity or public reputation of [the] judicial proceedings.'" *Hahn*, 359 F.3d at 1327 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

Accordingly, we enforce Defendant's waiver of his appellate rights found in his plea agreement and **DISMISS** this appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge