**F I L E D**

UNITED STATES COURT OF APPEALS

**March 23, 2007**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BEN RUSSELL SMYLIE,

    Defendant - Appellant.

No. 06-6291
(D.C. Nos. CIV-06-219-HE and
04-CR-00206-HE)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Petitioner-Appellant Ben Russell Smylie, a federal inmate appearing pro se, requests a Certificate of Appealability ("COA") so that he may challenge his conviction, pursuant to a guilty plea, of one count of possession of methamphetamine with intent to distribute. On March 3, 2006, Mr. Smylie filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, contending that the government failed to disclose exculpatory evidence, that his conviction violated the Double Jeopardy Clause, that he received ineffective assistance of counsel, and that the district court's sentencing errors denied him Due Process of Law. The district court correctly recharacterized the petition as a 28 U.S.C. § 2255 motion, given that Mr. Smylie sought relief from his incarceration pursuant to a

federal conviction and sentence. It then denied the motion in all respects, holding that Mr. Smylie waived his right to collaterally attack his conviction and sentence in his plea agreement[1] and granting the government's motion to enforce the plea agreement. See R. (CR-04-206-HE) Doc. 76-1, Ex. 1 at 5. We agree that Mr. Smylie has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and we deny his request for a COA and dismiss his appeal.

## Background

On November 16, 2004, a federal grand jury returned a thirteen-count indictment charging Mr. Smylie and Robby Joe Lauer with various offenses relating to the manufacture, possession, and distribution of methamphetamine. R. Doc. 1. After waiving his right to a jury trial, R. Doc. 29, Mr. Smylie pled guilty on February 8, 2005, to a single count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count Six).

Pursuant to his plea agreement, Mr. Smylie pled guilty in exchange for the government's agreement to dismiss the remaining counts against him and to recommend that his federal sentence be ordered to run concurrently with the sentence he was to receive after pleading guilty to state drug charges. See R.

---

[1] The waiver had two exceptions–a sentence in excess of the advisory guideline range and a retroactive change in the law–that the court determined were not operative in Mr. Smylie's case.

Doc. 31 at 3. Mr. Smylie also agreed to waive his right to appeal or collaterally challenge his conviction and sentence, provided that his sentence fell within the Guideline range. Id. at 5. He explained his understanding of the plea agreement in his Petition to Enter a Plea of Guilty: "I plead to count 6 and all other counts will be dismissed; the government agrees the sentence should run concurrent[ly] with my state sentences; no other charges can be filed; we have stipulated to guideline provisions; and an appellate waiver." R. Doc. 30 at 8.

The district court sentenced Mr. Smylie to 173 months' imprisonment followed by 36 months' supervised release. He did not appeal.

## Discussion

Before reaching the merits of Mr. Smylie's claims, we must determine whether he is entitled to a COA. Pursuant to 28 U.S.C. § 2253(c)(2), an inmate seeking a COA must make "a substantial showing of the denial of a constitutional right." He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The district court held that the waiver in Mr. Smylie's plea agreement prevented him from collaterally challenging his conviction and sentence. We typically enforce waivers of this sort provided that (1) the disputed appeal falls

within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his appellate rights, and (3) enforcing the waiver would not result in a miscarriage of justice. See United States v. Porter, 405 F.3d 1136, 1142 (10th Cir.), cert. denied, 126 S. Ct. 550 (2005); United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). In this case, we have no difficulty concluding that Mr. Smylie's § 2255 motion falls within the scope of his waiver of the rights to "collaterally challenge his guilty plea and any other aspect of his conviction" and to "collaterally challenge . . . his sentence as imposed by the Court and the manner in which the sentence is determined . . . ." R. Doc. 31 at 5. Likewise, Mr. Smylie's statements in his Petition to Enter a Plea of Guilty and the district court's recollection of the plea colloquy are sufficient indication that his waiver was knowing and voluntary. See R. Doc. 30; R. Doc. 81 at 4.

We also reject Mr. Smylie's argument that enforcing his plea agreement would result in a miscarriage of justice. We have held that:

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.

Porter, 405 F.3d at 1143. Mr. Smylie bears the burden of establishing that one of

- 4 -

these factors exists. United States v. Anderson, 374 F.3d 955, 959 (10th Cir. 2004). He argues "that his plea was coerced by his attorney," Aplt. Br. at 2-A, and that his counsel "failed to explain to him the relevant facts concerning th[e] plea, and he failed to explain the ramifications of a plea in the Federal Court," id. at 16-B. This contention is flatly contradicted by Mr. Smylie's Petition to Enter a Plea of Guilty, which reflects a clear understanding of his plea agreement and its consequences. See R. Doc. 30.

He further asserts that his attorney should not have advised him to plead guilty because the evidence against him was weak and because his plea resulted in multiple punishments for the same drug activity. Aplt. Br. at 16-A. He does not contend that but for the ineffective assistance he would have gone to trial, however. See United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993). Regardless, this argument does not implicate "the validity of the plea or the waiver," so it has been waived. Cockerham, 237 F.3d at 1187.

The district court correctly concluded that Mr. Smylie's appeal falls within the scope of his waiver, which was entered knowingly and voluntarily, and that enforcing the waiver would not result in a miscarriage of justice. No reasonable jurist would disagree. Accordingly, we DENY Mr. Smylie's request for a COA, DENY his motion to proceed IFP, and DISMISS his appeal.

Entered for the Court
Paul J. Kelly, Jr.
Circuit Judge