**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTONIO P. CARRANZA,

Defendant-Appellant.

No. 08-3243
(D.C. No. 2:07-CR-20135-CM-3)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN** and **McCONNELL**, Circuit Judges.

Antonio P. Carranza pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(2). He sought a two-level decrease in his offense level under Sentencing Guideline § 5C1.2 (the safety-valve provision). The district court declined to apply the decrease, determining that he had not met

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 5C1.2(a)(5)'s requirement that he be truthful in providing information to the government. After Mr. Carranza appealed, the government moved to enforce his plea-agreement waiver of his right to appeal his criminal sentence. We grant the government's motion and dismiss this appeal.

### *Analysis*

In evaluating a motion to enforce, this court determines "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

### *Scope of the Waiver*

The first issue is whether the appeal falls within the scope of the waiver. "We narrowly construe the scope of [a defendant's] waiver of appeal rights[,] [b]ut we do not hesitate to hold a defendant to the terms of a lawful plea agreement." *United States v. Sandoval*, 477 F.3d 1204, 1206 (10th Cir. 2007) (citation and quotation omitted). "[T]he text of the plea agreement is our guide." *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

Mr. Carranza's waiver is very broad:

Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18,

U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the Court. . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the Court departs upward from the applicable sentencing guideline range determined by the Court.

Mot. to Enforce, Ex. 1 at 7-8. By its plain language, the waiver covers all sentencing issues, including the denial of the safety-valve adjustment.

Mr. Carranza argues that during plea negotiations the government agreed to "leave the safety valve issue open," Aplt. Resp. at 2 (emphasis and quotation omitted), and that by doing so, the government agreed that the appeal waiver would not cover his safety-valve arguments. We are not convinced that an agreement to leave the safety-valve issue open for the district court to decide also constituted an agreement that the issue was excepted from the general appellate waiver. But in any event, Mr. Carranza's interpretation cannot succeed because it contradicts the plain language of the waiver. *See United States v. Porter*, 405 F.3d 1136, 1142-43 (10th Cir. 2005) (rejecting defendant's interpretation of an appellate waiver because the interpretation contradicted the plea agreement's plain language); *see also* Mot. to Enforce, Ex. 1 at 9-10 (acknowledging that the written plea agreement contains the entirety of the parties' agreement).

Mr. Carranza also argues that, unlike other cases before this court, the plea agreement does not contain language "specifically includ[ing] the waiver of the

court's determination of contested sentencing matters." Aplt. Resp. at 2. Thus, he concludes, the waiver cannot cover his safety-valve issue. Given the broad reach of the waiver to which he actually agreed, however, the government was not required also to include specific language regarding contested sentencing matters.

Mr. Carranza's appeal issue is included within the scope of his waiver, and therefore the first *Hahn* factor is satisfied.

*Knowing and Voluntary Nature*

The second question is whether Mr. Carranza's waiver was knowing and voluntary. In evaluating this question, this court examines the plea agreement and the plea colloquy. *See Hahn*, 359 F.3d at 1325.

The plea agreement waiver paragraph acknowledges that the waiver is knowing and voluntary. Mot. to Enforce, Ex. 1 at 7-8. In addition, the paragraph immediately before the signature block acknowledges that Mr. Carranza read the agreement and agrees that its terms embody the parties' agreement, and that he is pleading guilty "freely and voluntarily." *Id.* at 9-10.

During the plea colloquy, the court specifically addressed the appeal waiver and established that Mr. Carranza has read the waiver paragraph and reviewed it with his attorney. The court confirmed that he knew and understood that he was relinquishing "[his] right to appeal anything that has to do with [his] prosecution, conviction, and sentence," and that "by entering into this plea agreement, [he is] giving up that right to appeal." *Id.*, Ex. 2 at 18. The court also confirmed that the

acceptance of the appeal waiver in particular, and the plea agreement as a whole, was voluntary. *Id.* at 18-19, 20.

Mr. Carranza bears the "burden to present evidence from the record establishing that he did not understand the waiver." *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). He argues that his waiver was not knowing and voluntary because he was under the impression that he could appeal a denial of the safety-valve adjustment. As stated above, this contention flies in the face of the plain language of the plea agreement. It also contradicts the plea colloquy before the district court. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Mr. Carranza has failed to fulfill his burden of presenting evidence establishing he did not understand the waiver, and accordingly the second *Hahn* factor is satisfied.

## *Miscarriage of Justice*

The third and final question is whether enforcing the waiver would result in a miscarriage of justice. A "miscarriage of justice" in this context can be established only in four situations: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quotation omitted). To be

"otherwise unlawful" under *Hahn*, "the error must seriously affect the fairness, integrity or public reputation of judicial proceedings as that test was employed in *United States v. Olano*, 507 U.S. 725, 732 . . . (1993)." *Hahn*, 359 F.3d at 1327 (alterations and quotation omitted).

Mr. Carranza argues that it would be a miscarriage of justice to allow the government to lead him to believe he could appeal the denial of the safety-valve provision and then to accept its argument that the general waiver covers this issue. This appears to be an argument that the waiver is "otherwise unlawful." We disagree. If Mr. Carranza believed the parties had agreed that the safety-valve issue was appealable, he should not have signed a plea agreement containing a broad waiver and then agreed with the court's colloquy concerning that waiver. He could, and should, have ensured that the waiver included a specific exception for the safety-valve analysis. The waiver was not "otherwise unlawful," and none of the other "miscarriage of justice" factors are argued. Thus, the third *Hahn* factor is satisfied.

### *Conclusion*

The motion to enforce is GRANTED, and this appeal is DISMISSED.


ENTERED FOR THE COURT
PER CURIAM

-6-