FILED
United States Court of Appeals
Tenth Circuit

January 8, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HILARIO QUINTERO-RODRIGUEZ,
a/k/a The Big Guy, a/k/a Santa Claus,

Defendant - Appellant.

No. 13-1326
(D.C. No. 1:11-CR-00412-MSK-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.

---

After entering into a plea agreement that included a waiver of his right to

appeal, Hilario Quintero-Rodriguez pleaded guilty to four drug-trafficking counts.

At sentencing the government recommended that he receive the statutory minimum

of 120 months of imprisonment (12 fewer months than the 132 months that the plea

agreement obligated the government to recommend). The district court accepted the

---

[*]      This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recommendation and, departing downward from the applicable Guidelines range, imposed 120 months of imprisonment on each count, to be served concurrently.

When Mr. Quintero-Rodriguez appealed, the government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc) (per curiam). In response, Mr. Quintero-Rodriguez's counsel asserted it would be frivolous to contest the motion to enforce and moved to withdraw. We gave Mr. Quintero-Rodriguez the opportunity to respond to his counsel's filing, but to date we have received no response from him.

Under *Anders v. California*, 386 U.S. 738, 744 (1967), we must examine the proceedings and "decide whether the case is wholly frivolous." *Hahn* sets forth three factors for determining whether an appeal waiver is enforceable: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325.

*Scope of the Waiver*

The first *Hahn* factor is whether the issues on appeal fall within the scope of the waiver. *Id.* The plea agreement provides:

> The defendant is aware that 18 U.S.C. §3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the sentencing concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following four criteria: (1) the sentence imposed is above the maximum penalties provided for in the statute of conviction; (2) the Court, after determining

- 2 -

the otherwise applicable sentencing guideline range, either departs or varies upwardly; (3) the Court denies a Government motion for sentencing reduction in the this matter if one is, as is presently anticipated, filed; or (4) the Court determines that the adjusted offense level is greater than 37 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on the grounds set forth under 18 U.S.C. §3742. . . . Additionally, if the Government appeals the sentence imposed by the Court, the defendant is released from these waiver provisions.

Mot., Attach. 1 at 3-4. In his docketing statement, Mr. Quintero-Rodriguez identifies as his issues on appeal: "(1) all pre-trial rulings; (2) whether the District Court erred in denying Defendant Quintero-Rodriguez's objection to PSI?; (3) is the sentence imposed of 120 months reasonable; and (4) any other issue supported by the entire record in this case." Dktg. St. at 4.

The waiver is broad, covering "any matter in connection with this prosecution, conviction, or sentence" unless it satisfies one of the listed exceptions. Mot., Attach. 1 at 3. And none of the exceptions is applicable. Mr. Quintero-Rodriguez received the minimum sentence, not one above the maximum, and the court departed downward, not upward. The district court granted, not denied, the government's motion for a sentencing reduction, and the court did not determine that the offense level was greater than 37. Finally, the government has not appealed the sentence. Accordingly, this appeal falls within the scope of the waiver.

*Knowing and Voluntary*

The second factor is whether the waiver was knowing and voluntary. *Hahn*, 359 F.3d at 1325. In evaluating this factor, "we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and "we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id*. "The defendant bears the burden to prove that he did not knowingly and voluntarily enter into his plea agreement." *United States v. Anderson*, 374 F.3d 955, 958 (10th Cir. 2004) (internal quotation marks omitted).

The waiver paragraph in the plea agreement repeatedly states that the waiver is knowing and voluntary. Further, there was an adequate Rule 11 colloquy. The district court initially postponed the plea hearing because it was not clear that Mr. Quintero-Rodriguez understood the plea agreement. At the reconvened plea hearing, the district court confirmed that Mr. Quintero-Rodriguez and his counsel had reviewed the agreement and that he had all his questions answered; that the plea agreement reflected the entirety of the parties' agreement; that he knew the rights that he was waiving; that he was not under the influence of medications or alcohol; and that he had not been coerced into pleading guilty. When Mr. Quintero-Rodriguez expressed some dissatisfaction with his attorney, the court inquired further, determining that he generally was satisfied with his representation, but that he was unhappy that he did not receive written discovery in Spanish (the interpreter reviewed discovery with him orally). And the district court specifically reviewed the

appeal waiver, with Mr. Quintero-Rodriguez acknowledging his understanding of the provision. Mr. Quintero-Rodriguez has pointed to nothing to undermine all this evidence that the waiver was knowing and voluntary.[1]

Accordingly, we conclude that Mr. Quintero-Rodriguez entered into the appeal waiver knowingly and voluntarily.

*Miscarriage of Justice*

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. Under *Hahn*, a miscarriage of justice is established only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted). Because the record does not indicate that any of these circumstances occurred, we cannot conclude that enforcing the waiver would result in a miscarriage of justice.

---

[1]     Before imposing sentence, the district court addressed pro se motions by Mr. Quintero-Rodriguez to withdraw his guilty plea and for substitute counsel, in which Mr. Quintero-Rodriguez represented that his counsel had improperly coerced him to plead guilty. After reviewing all of the assurances of understanding and voluntariness that Mr. Quintero-Rodriguez made during the plea hearing, and noting that he had received every benefit under the plea agreement (and more), the district court rejected the allegations of coercion and denied the motions. This episode does not undermine our conclusion that the appeal waiver was knowing and voluntary.

Because it is "wholly frivolous" for Mr. Quintero-Rodriguez to oppose the motion to enforce, *Anders*, 386 U.S. at 744, the motion to enforce and counsel's motion to withdraw are granted.  The appeal is dismissed.

Entered for the Court
Per Curiam