FILED
United States Court of Appeals
Tenth Circuit

June 1, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PEDRO LEONARDO MASCHERONI,

Defendant - Appellant.

No. 15-2033
(D.C. No. 1:10-CR-02626-WJ-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **MORITZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Pursuant to a plea agreement, Pedro Leonardo Mascheroni pleaded guilty to

two counts of communicating restricted data and aiding and abetting in violation of

42 U.S.C. §§ 2274(b) and 2014 and 18 U.S.C. § 2(a); one count of retaining national

defense information in violation of 18 U.S.C. § 793(e); two counts of conveying and

converting government property and aiding and abetting in violation of 18 U.S.C.

§§ 641 and 2(a); and six counts of making a false, fictitious, or fraudulent statement

---

[*]  This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

or representation in violation of 18 U.S.C. § 1001(a)(2). Under the terms of the plea agreement, the district court sentenced him to sixty months in prison. Although the plea agreement contained a broad appellate waiver, Dr. Mascheroni filed a notice of appeal. The government moves to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In considering whether an appeal waiver is enforceable, we examine three factors: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Dr. Mascheroni argues that the appeal waiver cannot be enforced under any of the three.

*Scope of the Appeal Waiver*

Dr. Mascheroni argues that his appeal is not within the scope of the appeal waiver, because the appeal arises out of facts occurring after he entered his plea. He contends that his motions for release pending sentencing, to withdraw representation and appoint new counsel, to withdraw his plea, to continue sentencing and appoint new counsel, and to recuse the sentencing judge concern facts and circumstances occurring after he entered into the plea agreement.

"[T]he text of the plea agreement is our guide" in determining whether a matter is within the scope of the appellate waiver. *United States v. Anderson*,

374 F.3d 955, 957 (10th Cir. 2004). The text of Dr. Mascheroni's waiver states that he waives his right to appeal his convictions and sentences, unless the court imposed a sentence differing from the sentence agreed to by the parties. His proposed challenges to the denial of his motions invoke matters concerning his conviction or sentence and therefore are within the scope of the appellate waiver.[1] *See United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001) ("Case law makes clear that an appeal of a denial of a motion to withdraw a plea is an attempt to contest a conviction on appeal, and thus falls within the plain language of [an appeal] waiver provision." (internal quotation marks omitted)). That the motions were filed after Dr. Mascheroni entered his plea is of no consequence. The point of the waiver is to relinquish claims, regardless of their merit. *United States v. Rollings*, 751 F.3d 1183, 1188 (10th Cir.), *cert. denied*, 135 S. Ct. 494 (2014); *see also Hahn*, 359 F.3d at 1326 & n.12 (recognizing defendant may not know what claims he is foregoing when he waives his right to appeal).[2]

---

[1] Any challenge to the denial of the motion for release pending sentencing is moot.

[2] Dr. Mascheroni's reliance on *United States v. Porter*, 405 F.3d 1136 (10th Cir. 2005), is misplaced for two reasons. In *Porter*, the defendant waived his right to challenge his sentence and the manner in which the sentence was determined. *Id*. at 1139. That appeal waiver is much narrower than Dr. Mascheroni's broad waiver of the right to appeal his convictions and sentences. Furthermore, *Porter* considered the effect of a guilty plea, not an appellate waiver, on the defendant's appeal from a denial of a motion to substitute counsel. *Id*. at 1140-41.

*Knowing and Voluntary Waiver*

Dr. Mascheroni argues that his plea was not entered into knowingly and voluntarily. In assessing the knowingness and voluntariness of an appeal waiver, we consider whether the plea-agreement language states that he entered into the agreement knowingly and voluntarily and whether the plea colloquy was adequate under Federal Rule of Criminal Procedure 11. *See Hahn*, 359 F.3d at 1325. In making our assessment, we look at the totality of the circumstances. *Rollings*, 751 F.3d at 1188. Dr. Mascheroni bears the burden to show that his plea was not knowing and voluntary. *See id*. at 1187.

Dr. Mascheroni first argues, without more, that his plea was not knowing and voluntary because the district court did not address the fact that he was barred from pleading separately from his wife. But he does not argue that he would not have pleaded guilty if the court had inquired about the "package deal." Thus, we conclude that his conclusory argument is insufficient to bring into question the knowingness or voluntariness of his plea.

Next, Dr. Mascheroni argues, for numerous reasons, that his plea was not knowing and voluntary due to alleged ineffective assistance of counsel and counsel's alleged conflict of interest. As Dr. Mascheroni correctly recognizes, ineffective assistance of counsel arguments should be raised in a collateral proceeding under 28 U.S.C. § 2255, not on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc); *see also Hahn*, 359 F.3d at 1327 n.13 (stating that

- 4 -

holding "does not disturb [the] longstanding rule" of generally considering ineffective-assistance claims on collateral review).

Dr. Mascheroni also argues that his plea was not knowing and voluntary, because the district court failed to (1) conduct a thorough colloquy on the waiver of his right to conflict-free counsel; (2) review the factual basis of the charges against him; or (3) inform him about sentencing. The substantial evidence of the plea agreement and plea colloquy, however, establishes that his plea was knowing and voluntary. *See United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013) (deciding synergistic effect of plea agreement and plea colloquy "will often be conclusive" on question of knowing and voluntary waiver). Dr. Mascheroni, who has a Ph.D. and is a former scientist at Los Alamos National Laboratory nuclear weapons division, signed the plea agreement, which stated that he freely and voluntarily entered his plea and that he had reviewed it with counsel. Furthermore, the district court engaged him in a proper plea colloquy to make sure he understood what the plea agreement entailed. He admitted reading and discussing the plea agreement at length with counsel, voluntarily entering into the plea agreement, understanding the maximum possible penalties for the offenses to which he was pleading and the penalties covered in the plea agreement, and understanding that he waived his right to appeal his sentence. In addition, at the colloquy, he admitted the lengthy stipulation of facts contained in the plea agreement, and counsel stated that they had spent a considerable amount of time with Dr. Mascheroni concerning the facts stated in the

plea agreement and were satisfied that he understood the factual recitations. Under the circumstances, we conclude that this "properly conducted plea colloquy . . . [is] conclusive on the waiver issue, in spite of [Dr. Mascheroni's] post hoc assertions to the contrary." *Id*. at 1233.

*Miscarriage of Justice*

Dr. Mascheroni argues that enforcing the appeal waiver would result in a miscarriage of justice. First, he contends that he received ineffective assistance of counsel in the negotiation of his plea agreement. *See Hahn*, 359 F.3d at 1327 (listing miscarriage-of-justice exceptions to appeal waiver). As indicated above, an ineffective-assistance claim is properly asserted in collateral proceedings.

In addition, Dr. Mascheroni argues that counsel was per se ineffective in the negotiation of the plea agreement, because counsel did not inform him that as a naturalized citizen his plea will result in the collateral consequence of revocation of his citizenship. He cites 8 U.S.C. § 1481 and *Padilla v. Kentucky*, 559 U.S. 356 (2010), to support his argument. The government correctly counters, however, that none of Dr. Mascheroni's crimes are listed in § 1481, so he is not subject to loss of citizenship.

Finally, Dr. Mascheroni argues that enforcement of the waiver would be otherwise unlawful and would "seriously affect the fairness, integrity or public reputation of judicial proceedings" because the plea agreement was illegal. *Hahn*, 359 F.3d at 1327 (brackets omitted) (internal quotation marks omitted). He,

however, makes no more than a conclusory argument, and we discern nothing suggesting that the plea agreement was illegal.

*Conclusion*

Accordingly, we grant the government's motion to enforce. We dismiss this appeal, without prejudice to Dr. Mascheroni raising a claim of ineffective assistance of counsel in a collateral proceeding. We grant Dr. Mascheroni's unopposed motion to supplement the record with district court documents 179, 180, 205, 230, 248, 256, 261, 320, 333, and 347.[3] We deny his motion to supplement with (1) document 206, because it exceeded permitted page limits and was refiled to comply with page limits as document 219, which we have already allowed as a supplement to the record; and (2) document 498, which was stricken by the district court.

Entered for the Court
Per Curiam

---

[3]     It is unnecessary to supplement the record with documents 219 and 267, because we previously granted the government's request to supplement the record with these documents.