FILED
United States Court of Appeals
Tenth Circuit

May 5, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DONALD BRIAN WINBERG,

     Defendant - Appellant.

No. 15-1310
(D.C. No. 1:14-CR-00160-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **EBEL**, and **McHUGH**, Circuit Judges.
_____


Donald Brian Winberg pleaded guilty to two counts of conspiracy to commit

wire fraud in violation of 18 U.S.C. § 1349. As part of the plea agreement,

Mr. Winberg agreed to forfeit the proceeds of the offenses pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c). Mr. Winberg's plea agreement also

contained a waiver of his right to appeal. Despite his appeal waiver, Mr. Winberg

has filed a notice of appeal seeking to challenge the district court's final order of

_____

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

forfeiture. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss this appeal.

Mr. Winberg stated in his plea agreement that he "knowingly and voluntarily waives the right to appeal any matter in connection with [his] prosecution, conviction, or sentence" subject to certain conditions that Mr. Winberg concedes are not applicable. R. Vol. I, at 152-53; *see* Aplt. Resp. to Mot. to Enforce at 2. The district court sentenced Mr. Winberg to a total of 87 months of imprisonment, which was below the statutory maximum of 20 years' imprisonment for conspiracy to commit wire fraud, *see* 18 U.S.C. §§ 1343, 1349, and within the advisory guideline range of 87 to 108 months' imprisonment. Mr. Winberg also stated in his plea agreement that he agreed to forfeit to the government any and all assets and property subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2641(c), including, but not limited to, (1) $153,910.20 in currency seized from him; and (2) a money judgment in the amount of $1,541,689.90. *See* R. Vol. I, at 153-54. Additionally, he agreed to waive any claim to forfeit a 40 foot Sea Ray Cabin Motorboat, and consented to its disposal by whatever means the government deemed reasonable. *See id*. at 155. Before sentencing, the district court entered a preliminary order of forfeiture, and, thereafter, a final order of forfeiture entitling the government to Mr. Winberg's interest in the $153,910.20 in currency, and the $1,541,689.90 money judgment. At sentencing, the district court orally announced that Mr. Winberg's sentence "does include forfeiture."

*Id.* Vol. III, at 107. And the forfeiture of the currency and money judgment was included in the judgment and conviction "as reflected in the Plea Agreement . . . and Final Order of Forfeiture." *Id.* Vol. I, at 242.

In evaluating a motion to enforce an appeal waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. In response to the government's motion, Mr. Winberg seems to concede that his challenge to the forfeiture order is within the scope of his appellate waiver. He admits, for example, that he "agreed to waive appeal of his sentence and that forfeiture is an element of the sentence imposed following conviction" and, further, that the parties "likely understood [the plea agreement] to preclude [him] from challenging the forfeitures on appeal." Aplt. Resp. to Mot. to Enforce at 4 (internal quotation marks and citations omitted). He also does not dispute that he executed his waiver knowingly and voluntarily. We therefore need not address these issues. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (declining to consider uncontested issue). Accordingly, we evaluate only Mr. Winberg's claim that enforcing an appeal waiver as to an illegal forfeiture order results in a miscarriage of justice.

Enforcement of an appeal waiver results in a miscarriage of justice only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver

3

renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. "This list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (internal quotation marks omitted).

Mr. Winberg has the burden to demonstrate that enforcement of his appeal waiver would result in a miscarriage of justice. *See United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). He contends that the amount of forfeiture ordered by the district court exceeds the amount of proceeds of his offenses of conviction and, therefore, is in excess of the maximum penalty provided by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which entitle the government to an amount of criminal forfeiture that represents the amount of criminal proceeds. *See United States v. McGinty*, 610 F.3d 1242, 1246 (10th Cir. 2010). It is this exception of *Hahn's* miscarriage-of-justice prong—"sentence exceeds the statutory maximum"— on which Mr. Winberg therefore appears to rely, *see* Aplt. Resp. to Mot. to Enforce at 4-5. He concludes that the final order of forfeiture is unlawful and his appeal waiver is inapplicable.

It is well-established that forfeiture is part of the sentence. *See Libretti v. United States*, 516 U.S. 29, 38-39 (1995). Further, the amount of a criminal forfeiture is directly related to the amount of the criminal proceeds. *See* 18 U.S.C. § 981(a)(1)(C) (providing that "[a]ny property, real or personal, which constitutes or

4

is derived from proceeds traceable to a violation" of 18 U.S.C. §§ 1343, 1349 is subject to forfeiture to the government); *McGinty*, 610 F.3d at 1246 (recognizing that an *in personam* judgment in favor of the government for the amount of money the defendant obtained as proceeds of the offense is an appropriate form of criminal forfeiture). Mr. Winberg does not dispute that the total amount of criminal proceeds of his offenses is $1,541,689.90. He argues, however, that "[n]othing in the district court's forfeiture orders, or elsewhere in the record," reflect that the government's collection of the "[currency] (forfeited *de jure*) and the yacht (forfeited *de facto*) constitute partial satisfaction of the money judgment." Aplt. Resp. to Mot. to Enforce at 3. Based on this premise, he concludes the final order of forfeiture is illegal under 18 U.S.C. § 981 and 28 U.S.C. § 2461 because the amount of forfeiture exceeds the amount of proceeds from his offenses of conviction.

As part of the plea agreement, Mr. Winberg expressly agreed to forfeit any and all assets to the government including the $153,910.20 in currency; the money judgment in the amount of $1,541,689.90; and his right, title, and interest in the boat. The plea agreement provided that the $1,541,689.90 money judgment "represents the proceeds obtained from the defendants' conspiracies." R. Vol. I, at 153. It further provided that "[a]ny assets forfeited, directly or as a substitute asset, shall be applied to the forfeiture money judgment." *Id*. The record reflects that the presentence report likewise states the same — all assets forfeited shall be applied to the forfeiture judgment. Thus, despite Mr. Winberg's claim, the record demonstrates the parties'

intent that Mr. Winberg's forfeited assets would be credited to the forfeiture judgment.

The final order of forfeiture reflects the judgment of forfeiture to the government of Mr. Winberg's interest in the $153,910.20 in currency and provides that the government "shall have full and legal title to defendant's interest in the forfeited currency and may dispose of it in accordance with law." R. Vol. I, at 214. Additionally, it orders an *in personam* forfeiture judgment against Mr. Winberg for $1,541,689.90 as authorized by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Further, the order of judgment provides that Mr. Winberg "shall forfeit [his] interest in the following property to the United States: $153,910.20 in currency seized on February 5, 2015, and a money judgment in the amount of $1,541,689.90 as reflected in the Plea Agreement . . . and Final Order of Forfeiture." *Id*. at 242.

We conclude Mr. Winberg's argument that the final order of forfeiture is unlawful is without merit. The order does not exceed its authority under the forfeiture statutes at issue as it is not in excess of the maximum penalty provided by the forfeiture statutes. Further, its silence regarding the forfeiture of the $153,910.20 in currency and forfeiture of Mr. Winberg's right, title, and interest in the boat as partial satisfaction of the $1,541,689.90 money judgment does not render the final order of forfeiture illegal. Accordingly, Mr. Winberg has not met his burden in demonstrating that enforcing the waiver would result in a miscarriage of justice.

6

The government's motion to enforce the waiver is granted and the appeal is dismissed.

Entered for the Court
Per Curiam