**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GEGHAM AVETISYAN,

    Defendant - Appellant.

No. 19-3238
(D.C. No. 2:18-CR-20093-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **EID**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Gegham Avetisyan's plea agreement.  Exercising jurisdiction under

28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

As an initial matter, we deny Avetisyan's motion to strike the motion to

enforce as premature.  Although the government filed its motion before the district

court clerk notified us either that the record was complete or that the clerk was

transmitting the record, *see* 10th Cir. R. 27.3(A)(3)(b) (providing that a motion to

---

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

enforce "must be filed within 20 days after" such notification), the clerk has since provided the required notification and the record has been filed.

Avetisyan pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. In the written plea agreement, he confirmed his understanding that the district court would "find . . . the facts used to determine the offense level" and determine the applicable guidelines range. Mot. to Enforce, Attach. C at 2. He also acknowledged that he understood the court would determine the sentence to be imposed and that the government had "not made any promise or representation as to what sentence he [would] receive." *Id*. at 4. The agreement included a broad waiver of appellate rights, including the "right to appeal . . . any matter in connection with . . . the sentence [] imposed," unless the government appealed the sentence or the district court "depart[ed] upwards from the sentencing Guideline range [it] determine[d] to be applicable." *Id*. at 6-7. At the change of plea hearing, Avetisyan assured the court that he understood both that the court had sole discretion to determine the applicable guidelines range and sentence and that he was waiving his right to appeal the sentence imposed.

The district court accepted Avetisyan's guilty plea as knowing and voluntary, determined that the applicable guidelines range was 21 to 27 months, and sentenced him substantially below that range to 15 months' imprisonment. Despite his appeal waiver, Avetisyan filed this appeal.

In ruling on a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant

2

knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

Avetisyan filed a pro se response[1] to the motion to enforce, arguing that he should be permitted to appeal the reasonableness of his sentence because (1) it is enough that he is willing to pay restitution; (2) a prison sentence is a hardship for his family; and (3) the district court improperly added two levels to the base offense level pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(11)(C)(i) (U.S. Sentencing Comm'n 2018), because the fake driver's license he used in committing the offense included identifiers from multiple people so was not an identification of one specific individual, *see id*. § 2B1.1 cmt. n.1 (incorporating "means of identification" definition used in 18 U.S.C. § 1028(d)(7), which requires that the "means of identification" identify "a specific individual"), and the government cannot prove that he knew the identifiers belonged to real people.

Construing his response liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), we interpret his arguments as claiming that his sentence falls outside the scope of the waiver and that enforcing the waiver would be a miscarriage of justice.[2] We reject both arguments.

_____

[1] At Avetisyan's request, his counsel moved to withdraw so that he could represent himself on appeal, and we granted that motion.
    [2] Nothing in his opposition suggests that Avetisyan is claiming he did not knowingly and voluntarily waive his appellate rights. We thus do not address the second *Hahn* factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir.

3

Avetisyan's sentence does not fall within either of the exceptions that would permit an appeal: it does not exceed the applicable guidelines range and the government did not appeal it. Although he challenges the basis for the district court's determination of the guidelines range, that issue falls within the scope of the waiver, which bars an appeal of "any matter" related to the determination of the sentence. Mot. to Enforce, Attach. C at 6. Accordingly, his appeal falls squarely within the scope of his appellate waiver.

We also reject Avetisyan's argument that enforcing the waiver will result in a miscarriage of justice. A miscarriage of justice occurs where (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks and citations omitted). To show that an appeal waiver is "otherwise unlawful," the defendant must prove that the alleged error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 1329 (internal quotation marks omitted). "The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice." *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Avetisyan's arguments challenge the propriety of his sentence, not the legality of his appeal waiver. Because the "otherwise unlawful" exception is focused on the

2005) (holding that this court need not address a *Hahn* factor that the defendant does not contest).

4

fairness of the proceedings, not the result of the proceedings, a defendant may not rely on it to avoid enforcement of an appeal waiver based on alleged errors in the calculation of his sentence. *United States v. Smith*, 500 F.3d 1206, 1212-13 (10th Cir. 2007).

## CONCLUSION

For the reasons discussed above, we deny Avetisyan's motion to strike the government's motion to enforce his appeal waiver, grant the motion to enforce, and dismiss the appeal.

Entered for the Court
Per Curiam
