**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER JAMES PHILLIPS,

    Defendant - Appellant.

No. 20-3196
(D.C. No. 6:16-CR-10093-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Christopher James Phillips's plea agreement. We grant the

government's motion and dismiss the appeal.

Phillips pled guilty to failure to register under the Sex Offender Registration

and Notification Act, in violation of 18 U.S.C. § 2250(a). On May 1, 2017, the

district court sentenced him to time served plus five years' supervised release. On

September 29, 2020, the district court revoked Phillips's supervised release for

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violating the terms thereof and sentenced him to 15 months' imprisonment with no remaining supervision.

Although his plea agreement contained a broad waiver of his appellate rights, including his right to appeal "any sentence imposed upon a revocation of supervised release," Mot. for Enforcement of Appeal Waiver Attach. C at 5, he seeks to challenge the procedural and substantive reasonableness of his sentence through this appeal. The government has moved to enforce the appeal waiver in the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied: (1) Phillips's appeal is within the scope of the appeal waiver because he waived the right to challenge "the components of the sentence . . . as well as any sentence imposed upon a revocation of supervised release," Mot. for Enforcement of Appeal Waiver Attach. C at 5; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.

We entered an order directing Phillips to respond to the government's *Hahn* motion. But instead of responding to the *Hahn* motion, Phillips's attorney filed a motion to withdraw as counsel and a supporting brief under *Anders v. California*,

2

386 U.S. 738 (1967). Counsel stated that she had "carefully examined the record on appeal[,] . . . researched the relevant law," and "concluded that this appeal does not present any factually or legally nonfrivolous issues." Mot. to Withdraw as Counsel at 1. Neither the motion to withdraw nor the supporting *Anders* brief addressed the government's *Hahn* motion or the *Hahn* factors.

We then entered another order directing Phillips to respond to the government's *Hahn* motion. In response, Phillips's attorney stated that she had "already filed an *Anders* brief, indicating that there are no nonfrivolous issues to raise. The appeal-waiver inquiry accordingly fails at step one." Resp. to Mot. for Enforcement of Appellate Waiver at 2. But this response did not meaningfully address the first *Hahn* factor, which requires the court to consider whether the appeal falls within the scope of the appeal waiver without regard to whether the arguments that might be raised have merit.[1] And counsel's response did not address the second or third *Hahn* factors as it should have.

We therefore invited Phillips to file a pro se response. Phillips dedicated most of his response to arguing that his attorney's motion to withdraw should be denied. Regarding the *Hahn* motion, he stated only that it "would be a gross miscarriage of justice" if his appeal is "not brought before the court." Pro se Resp. at 1.

---

[1] If counsel did not believe that she could advance a non-frivolous argument that this appeal falls outside the scope of the appeal waiver, she should have alerted this court and her client to that fact in accordance with *Anders*. 10th Cir. R. 46.4(B)(1) ("[C]ounsel . . . who believes opposition to a motion to dismiss would be frivolous must file an *Anders* brief.").

3

"The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice." *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). Enforcement of an appellate waiver results in a miscarriage of justice when (1) "the district court relied on an impermissible factor such as race," (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid," (3) "the sentence exceeds the statutory maximum," or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). To satisfy this last factor under *Hahn*, the alleged "error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted). Phillips has not alleged that any of these factors are present here.

Based on our independent review of the record, we conclude that the *Hahn* conditions are satisfied in this case. We therefore grant the government's motion and dismiss the appeal.

We grant counsel's motion to withdraw.

Entered for the Court
Per Curiam

4