**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

LANCE ANDERSON,

    Defendant - Appellant.

No. 03-1137

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### (D. Ct. No. 01-CR-439-D)

---

Virginia L. Grady, Assistant Federal Public Defender (Michael G. Katz, former Federal Public Defender, with her on appellant's brief, and Raymond P. Moore, Federal Public Defender, with her on appellant's reply brief), Office of the Federal Public Defender, Denver, Colorado, appearing for Appellant.

Andrew A. Vogt, Assistant United States Attorney (John W. Suthers, United States Attorney, with him on the brief), Office of the United States Attorney, Denver, Colorado, appearing for appellee.

---

Before **TACHA** , Chief Circuit Judge,   **LUCERO** , and **MURPHY** , Circuit Judges.

---

**TACHA** , Chief Circuit Judge.

---

    A grand jury indicted Defendant-Appellant Lance Anderson on one count

of unlawful possession of a firearm by a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1). Mr. Anderson entered a conditional plea of guilty, reserving only his right to appeal the District Court's "Order regarding the denial of his . . . Motion to Suppress Evidence and Statements Obtained on October 12, 2001." Finding that the argument raised on appeal falls within the scope of the appellate waiver, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and DISMISS.

## I. BACKGROUND

On October 12, 2001, an undercover Denver police officer and two uniformed officers arrived at a southwest Denver home in which they suspected occupants were manufacturing and distributing methamphetamine. When Mr. Anderson exited a truck in the driveway of that house, an undercover officer conducted a quick patdown search of him. After observing a methamphetamine pipe on the floor of the truck, the officer arrested Mr. Anderson for possession of drug paraphernalia. Mr. Anderson subsequently consented to a search of two trailers behind the house, which revealed his prison identification card and a pistol. The officer then arrested him for unlawful possession of a firearm by a previously convicted felon.

In the District Court, Mr. Anderson entered a conditional plea of guilty on his felon-in-possession-of-a-firearm count, reserving only his right to appeal the

-2-

District Court's "[o]rder regarding the denial of his . . . Motion to Suppress Evidence and Statements Obtained on October 12, 2001." That order addressed Mr. Anderson's argument that his consent to search the trailers was invalid because the officers lacked probable cause to arrest him for possessing drug paraphernalia.[1] Here, Mr. Anderson appeals the denial of his motion to suppress evidence under a theory advanced for the first time on appeal—that the officer's allegedly improper patdown search, conducted before his arrest, invalidated his consent to search his residence. Mr. Anderson requests that we either exclude the evidence or remand the case for a hearing on whether the patdown search tainted the evidence so as to require its exclusion. We consider this issue below.

## II. DISCUSSION

Although a defendant may not normally appeal his conviction after pleading guilty, "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2). The primary question, therefore, is whether Mr. Anderson's plea agreement reserved this improper-patdown argument, which he advances for the first time on appeal. We hold that it does not.

_____

[1] The order also noted a motion to suppress evidence filed earlier by Mr. Anderson in which he raised five additional arguments. None of these included the improper-patdown argument.

After the conclusion of briefing in this case, we published our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), where we addressed waivers of a defendant's right to appeal sentencing decisions. Although here we are faced with an appeal of the conviction itself, we find *Hahn*'s analytical structure equally applicable to conditional plea agreements that waive the right to appeal a conviction. Thus, we apply our three-prong enforcement analysis announced in *Hahn* to determine whether we may consider Mr. Anderson's argument on appeal.

> This analysis calls for the court of appeals, in reviewing appeals brought after a defendant has entered into an appeal waiver, to determine: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . . *Id.* at 1325.

"If the panel finds that the plea agreement is enforceable, it will summarily dismiss the appeal." *Id.* at 1328.

A.   Scope of the Appellate Waiver

Mr. Anderson argues that, even though he did not specifically raise his current argument before the District Court, it falls within the scope of his reserved appellate rights because he timely raised a suppression-of-the-evidence claim under a different theory below. We disagree.

"In determining a waiver's scope, we will strictly construe appeal waivers

-4-

and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Id.* (internal quotations and alterations omitted). In so doing, the text of the plea agreement is our guide. *See United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir.1998) ("This court will hold a defendant to the terms of a lawful plea agreement.").

While we have not previously addressed the issue that Mr. Anderson raises, other circuits require that the plea agreement specifically mention any argument that is to be preserved for appeal. *See, e.g., United States v. Ramos*, 961 F.2d 1003, 1005-06 (1st Cir.), *cert. denied*, 506 U.S. 934 (1992), *overruled on other grounds by United States v. Caron*, 77 F.3d 1 (1st Cir. 1996) (en banc). This rule is especially true where, like here, a defendant "conditionally preserves for appellate review only the district court's adverse rulings on specified pretrial motions." *Id.*

More specifically, we follow the rule set forth by the Seventh Circuit in *United States v. Doherty*, 17 F.3d 1056, 1058 (7th Cir. 1994), where that court addressed a virtually identical issue to the one at hand. In *Doherty*, the defendant pleaded guilty, reserving only the right to appeal the denial of his motion challenging the sufficiency of his indictment. The challenged motion claimed only that the indictment failed to allege properly a violation of the statute to

which he pleaded guilty. On appeal, the defendant challenged the sufficiency of his indictment with arguments not raised in his district court motion.

The *Doherty* court dismissed the appeal, finding that it fell outside the scope of his retained appellate rights. As the court noted, Federal Rule of Criminal Procedure 11(a)(2) "requires a conditional plea to be in writing to precisely identify which pretrial issues the defendant wishes to preserve for review." *Id.* at 1058 (internal quotation omitted). The conditional plea clearly stated that the defendant "did not reserve the right to challenge 'the sufficiency of the indictment' in other respects[]" besides that raised below. *Id.* Because the defendant had reserved only the right to appeal the district court's denial of this motion, the *Doherty* court refused to consider the argument on appeal. *Id.*; *see also United States v. Simmons*, 763 F.2d 529, 533 (2nd Cir. 1985) ("We have repeatedly held that the entry of a conditional guilty plea preserves only the specifically mentioned issues and waives all other nonjurisdictional claims.").

This is not a novel concept. We have held in non-appellate-waiver cases that a party may not raise on appeal specific theories he did not present before the district judge. For example, in *United States v. Abdenbi*, 361 F.3d 1282, 1288-89 (10th Cir. 2004), we refused to consider on appeal specific suppression-of-the-evidence theories not presented to the district court, even though the parties had raised a different suppression-of-the-evidence argument below.

Applying that principle here, we find that Mr. Anderson did not preserve the improper-patdown issue for appeal. The plea agreement preserves only Mr. Anderson's right to appeal "the Court's May 2, 2002 Order regarding the denial of . . . his Motion to Suppress Evidence and Statements Obtained on October 12, 2001." Neither the order nor Mr. Anderson's motion to suppress evidence raised the improper-patdown argument that he advances here. Thus, as in *Doherty,* Mr. Anderson's improper-patdown theory falls outside the scope of his reserved appellate rights .

B.     Knowing and Voluntary Waiver

We only enforce appeal waivers to which the defendant knowingly and voluntarily agreed. *Hahn*, 359 F.3d at 1325. The defendant bears the burden to prove that he "did not knowingly and voluntarily enter into his plea agreement." *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). Because Mr. Anderson failed to raise this proposition on appeal, we find that Mr. Anderson knowingly and voluntarily entered into his plea agreement.

C.     Miscarriage of Justice

An appeal waiver results in a miscarriage of justice only: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4]

-7-

where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. In *Hahn*, we held "that to satisfy the fourth . . . factor – where the waiver is otherwise unlawful – 'the error [must] seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings[,]' as that test was employed in *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)." *Id.*

The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice. *See United States v. Andis*, 333 F.3d 886, 894 (8th Cir. 2003) (en banc) (placing burden on the defendant to establish that enforcing his plea agreement would constitute a miscarriage of justice); *see also Hahn*, 359 F.3d at 1325 (adopting, with slight variation, the *Andis* analysis); *Atterberry*, 144 F.3d at 1300 (holding, after having found the appellate waiver within the scope of a knowingly and voluntarily entered plea agreement, that "[t]o avoid dismissal of his appeal, Mr. Atterberry must show why this court should not enforce the (emphasis added); *cf. Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (placing the burden on defendant to show a miscarriage of justice in a coram nobis motion filed by a criminal defendant for a new trial based on newly discovered evidence). Because we have not expressly placed this burden on the defendant concerning his waiver of the right to appeal a conviction until now, we conducted an independent review of the record here and found that enforcement of the waiver would not constitute a miscarriage of justice.

-8-

## III. CONCLUSION

Because Mr. Anderson's argument on appeal is outside the scope of his reserved appellate rights, he knowingly and voluntarily agreed to the waiver, and enforcing this agreement would not constitute a miscarriage of justice, we DISMISS.