**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RODOLFO SANTIAGO-VILLANUEVA,

      Defendant - Appellant.

No. 16-6126
(D.C. No. 5:15-CR-00162-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

Rodolfo Santiago-Villaneuva pled guilty to possession with intent to distribute

50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The

court sentenced him to 151 months in prison, which was at the bottom of the

151-to-188-month advisory range, followed by four years of supervised release.

Mr. Santiago signed a plea agreement that included a broad waiver of appellate

rights, including the right to appeal his sentence unless the court departed upwards

from the applicable sentencing guideline range. Although no such departure

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

occurred, Mr. Santiago seeks to challenge his sentence as excessive through this appeal.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The government's motion addresses each of these conditions and why they are satisfied.

In his response, Mr. Santiago concedes, through his counsel, that the government has established the first two *Hahn* factors. *See* Resp. at 1-2 ("Counsel for Mr. Santiago recognizes this appeal appears to fall within the scope of the appeal waiver because the term of imprisonment imposed (151 months) was within the advisory guideline range determined applicable by the district court. Counsel further recognizes Mr. Santiago's waiver of appellate rights both on paper and in open court, thoroughly described in the plaintiff-appellee's motion, appears to satisfy this Circuit's standard for 'knowing and voluntary.'" (citations omitted)).

Mr. Santiago challenges only the third factor: he asserts that enforcing the appellate waiver will result in a miscarriage of justice. To demonstrate that is the case, he must show one of the following: (1) the district court relied on an impermissible factor such as race; (2) he received ineffective assistance of counsel in connection with the negotiation of the waiver, rendering the waiver invalid; (3) the

2

sentence exceeded the statutory maximum; or (4) the waiver is otherwise unlawful. *See Hahn*, 359 F.3d at 1327; *see also United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004) ("The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice.").

Mr. Santiago states that the district court relied on an impermissible factor in imposing his sentence—namely, race or "cultural bias." *See* Resp. at 2. When Mr. Santiago was 20 years old, he was in a relationship with a 15-year-old that resulted in a criminal conviction in California for unlawful sexual intercourse (sex with a minor three-plus years younger), which was listed in the Presentence Investigation Report. The district court referenced this relationship during sentencing and referred to the 15-year-old as a "child." R., Vol. III at 49. Mr. Santiago alleges that the district court's references were inappropriate because they evince a lack of comprehension of social dynamics in Hispanic cultures or a personal disapproval of the same.

Taken in context, however, it is clear that the references to Mr. Santiago's relationship with a "child" during sentencing were part of a valid character assessment that did not center on race or cultural bias:

> I intend to impose a sentence at the bottom of the advisory guideline range, 151 months, and here is the reason for that: The defendant's actions give me no basis upon which to credit his words instead of being persuaded by his actions. I've got before me a defendant who a little short of ten years ago, while illegally in this country, he made a child pregnant. He was then removed [on four separate occasions from December 2006 to December 2008.].

3

So we've got an individual who was intent on violating the laws of this country, all the while leaving behind a child he had impregnated. And then while back in this country, for the most recent time, . . . this defendant made himself an integral part of a group that was engaged in distributing a substance that ruins lives and families, all of which causes me to have none of this talk about good values and a desire to make an honest living.

*Id.* Thus, Mr. Santiago has not established that the district court relied on an impermissible factor like race such that enforcing the appeal waiver would result in a miscarriage of justice.

For these reasons, we grant the government's motion to enforce and dismiss the appeal.

Entered for the Court


Per Curiam