**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KWOK LUN CHOW, also known as
Kwok–Lun Chow, also known as
Nelson Chow,

Defendant - Appellant.

No. 16-8115
(D.C. No. 1:16-CR-00051-NDF-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## I.     Introduction

Defendant-Appellant, Kwok Lun Chow, was charged in a one-count indictment with possession with intent to distribute more than fifty kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Chow filed a motion to suppress evidence seized during a roadside search of his vehicle. The district court denied the motion and Chow entered a conditional guilty plea to the charged crime. *See* Fed. R. Crim. P. 11(a)(2). He was sentenced to thirty-six months' probation with the first eight months on home confinement. Chow then brought this appeal challenging the denial of his suppression motion. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the denial of Chow's motion.

## II.     Background

The factual background is fully set forth in the district court's order denying Chow's motion to suppress and Chow does not challenge any of the court's factual findings. Wyoming Highway Patrol Trooper Aaron Kirlin stopped Chow for speeding on February 13, 2016. Chow was driving a rented U-Haul truck. Trooper Kirlin asked Chow to sit in his patrol car while he completed the paperwork for a warning. During that time, Trooper Kirlin questioned Chow about his travel plans. Chow first said he was moving to New York, but then said he was moving to New Jersey. When Trooper Kirlin noted the U-Haul was scheduled to be returned in Brooklyn, Chow stated some of the things in the truck

belonged to his cousin who was the passenger in the U-Haul and who resides in Brooklyn. Chow told Trooper Kirlin he was moving from San Francisco but also stated he began the journey in Seattle. He explained that his job required him to split his time between California and Seattle. Trooper Kirlin testified that Chow displayed visible signs of nervousness throughout the encounter by stammering, avoiding eye contact, picking at his fingernails, and breathing rapidly.

Trooper Kirlin returned Chow's documents and told him the traffic stop was over. Chow, however, voluntarily agreed to answer additional questions. Among other things, he told Trooper Kirlin his Seattle residence was a two-bedroom home provided by his employer. Trooper Kirlin then asked Chow if he could speak to his passenger. Although Chow agreed, Kirlin testified that Chow's "face drained of color" when he heard the question.

Chow's passenger, Jia Jun Yu, told Trooper Kirlin that Chow was moving out of a studio apartment in Seattle to New York. He also told Kirlin that he and Chow were friends, not related to each other. Although Chow told Trooper Kirlin that he worked for a security camera company and was a salaried employee, Yu told Kirlin that Chow was moving to New York to do restaurant work. When Trooper Kirlin finished questioning Yu, he returned to his patrol car, told Chow he was detained, and gave him a *Miranda* warning. During further questioning, Chow admitted there was marijuana in the back of the U-Haul. Approximately 292 pounds of marijuana were found in the vehicle.

Chow was charged with possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1(C). He filed a motion to suppress the evidence uncovered during the search of the U-Haul, arguing he was seized in violation of the Fourth Amendment when Trooper Kirlin told him he was detained and read him his Miranda rights. Specifically, Chow asserted: "Mr. Chow's main point in this motion is that Trooper Kirlin lacked reasonable, articulable suspicion to detain him based solely on what he observed in this case." In its response, the government argued the conflicting statements given by Chow and Yu gave rise to reasonable articulable suspicion.

The district court denied Chow's motion, concluding Chow's detention was based on Trooper Kirlin's objectively reasonable suspicion that Chow was engaged in criminal activity. *See United States v. Arvizu*, 534 U.S. 266, 273-74 (2002) (discussing the circumstances under which a brief investigatory stop does not violate the Fourth Amendment). Chow pleaded guilty to the drug charge, preserving his right to appeal the denial of his motion. *See* Fed. R. Crim. P. 11(a)(2).

## III.  Discussion

When reviewing the denial of a motion to suppress, this court views the evidence in the light most favorable to the Government and accepts the district court's factual findings unless they are clearly erroneous. *United States v. Price*, 265 F.3d 1097, 1104 (10th Cir. 2001). The ultimate determination of whether a

traffic stop was reasonable under the Fourth Amendment is a question of law reviewed *de novo*. *Id.*

Chow does not challenge the lawfulness of the initial stop or the consensual nature of his interaction with Trooper Kirlin after his documents were returned and before Kirlin questioned Yu. He raises only two arguments. First, he asserts the district court erred by concluding Trooper Kirlin had reasonable articulable suspicion to detain him after Yu was questioned and before he admitted the U-Haul contained marijuana. Chow also argues he was arrested without probable cause when Trooper Kirlin gave him a Miranda warning.

As to Chow's first argument, this court must "determine whether the totality of the circumstances justify the detention." *United States v. Mendez*, 118 F.3d 1426, 1431 (10th Cir. 1997). "While reasonable suspicion may not be based on a 'mere hunch,' 'the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard.'" *United States v. Karam*, 496 F.3d 1157, 1162 (10th Cir. 2007) (quoting *Arvizu*, 534 U.S. at 274). "We assess reasonable suspicion in light of the totality of the circumstances." *United States v. Valles*, 292 F.3d 678, 680 (10th Cir. 2002). Individual factors can contribute to reasonable suspicion even if each factor "is not by itself proof of any illegal conduct and is quite consistent with innocent travel." *United States v. Sokolow*, 490 U.S. 1, 9 (1989).

The district court concluded Chow's own conflicting statements about his travel plans were of "limited significance" because they were not necessarily inconsistent. It did, however, give the following inconsistent statements of Chow and Yu "considerable weight."

> . . . Chow stated that he was traveling with his cousin and that he was working for a camera company. Chow told Trooper Kirlin that he was being transferred by the company to New York (although he was going to live in New Jersey). Chow stated that the company was paying him and that he was on the clock at the time. Chow clarified that he was a salaried employee, not hourly. Chow went into great detail about his job, including telling Trooper Kirlin that he had just registered for a convention in Las Vegas, Nevada in April (the stop was in February) and told him about the convention. Chow stated that he was traveling between California and Seattle and the company provided him housing in Seattle, and when asked Chow said it was two-bedroom housing.

> . . . The passenger confirmed Chow was moving to New York, but when asked about his new job, he said Chow was going to work in the restaurant industry. Given how much information Chow provided to Trooper Kirlin about his job with the camera company, with no mention of work in the restaurant industry, this was a significant inconsistency. Finally, after a question from Trooper Kirlin, the passenger stated Chow had a studio apartment in Seattle, not a two bedroom place as Chow had told Trooper Kirlin.

As to Chow's abnormal travel plans, the district court did not consider them a "significant factor" on their own. Finally, the court noted that nervousness is of limited significance when determining reasonable articulable suspicion but considered Chow's nervousness because it was excessive.

Chow does not challenge any of the district court's factual findings. His argument is confined to an assertion the facts were insufficient to establish

-6-

reasonable articulable suspicion of illegal activity. We disagree. Under the totality of the circumstances based on the district court's findings, Trooper Kirlin had reasonable suspicion to detain Chow and extend the traffic stop. *See United States v. Kitchell*, 653 F.3d 1206, 1219 (10th Cir. 2011) ("The motorist's or his passengers' inconsistent statements in response to . . . questions can give rise to reasonable suspicion of criminal activity."); *Karam*, 496 F.3d at 1164-65 ("[C]onfusion about details is often an indication that a story is being fabricated on the spot, and vague and evasive answers may be considered, in conjunction with other factors, as contributing to an officer's determination of reasonable suspicion." (quotation omitted)); *United States v. Santos*, 403 F.3d 1120, 1127 (10th Cir. 2005) (holding unusual nervousness "may be considered as part of the totality of the circumstances a reasonable law enforcement officer would analyze in investigating possible crimes").

Chow concedes that his second argument—that his detention was an arrest not supported by probable cause—was not presented to the district court. In *United States v. Anderson*, this court held that any theory of suppression not presented to the district court falls outside the scope of the appellate rights reserved by a conditional guilty plea. 374 F.3d 955, 957-58 (10th Cir. 2004). In the written plea agreement, Chow, like the defendant in *Anderson*, reserved only the right to appeal the adverse determination of his motion to suppress. On appeal, he does not argue he did not knowingly and voluntarily enter into his plea

agreement or that enforcement of the appellate waiver results in a miscarriage of justice. *See id.* at 958-59. Accordingly, we will not consider Chow's second argument because it falls outside the scope of Chow's reserved appellate rights.

## IV. Conclusion

The order of the district court denying Chow's motion to suppress is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge