**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ADOLFO BARRAGAN-RODRIGUEZ,

    Defendant - Appellant.

No. 18-3198
(D.C. No. 5:17-CR-40043-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **McHUGH**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the appeal waiver contained in Adolfo Barragan-Rodriguez's plea agreement. We grant the government motion to enforce the plea agreement and dismiss the appeal.

Barragan-Rodriguez pleaded guilty pursuant to a plea agreement to "a violation of 21 U.S.C. § 841(a)(1), namely possession with the intent to distribute and distribution of methamphetamine." Mot. to Enforce, Ex. C (Plea Agmt.) at 1. The statutory maximum penalty for this offense is not less than 120 months' imprisonment and not more than life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In the plea agreement, the parties agreed to a proposed sentence under Fed. R. Crim. P. 11(c)(1)(C), in "[a] range of 120-192 months in prison, with each party given an opportunity to argue for a controlling term of imprisonment within the proposed range." Plea Agmt. at 3. The district court sentenced Barragan-Rodriguez to 180 months' imprisonment, five years of supervised release, and imposed a $100 special assessment.

The plea agreement included the following waiver of Barragan-Rodriguez's appellate rights:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein. . . . The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C).

*Id*. at 6-7.

Despite the appeal waiver, Barragan-Rodriguez has filed a notice of appeal in which he seeks to challenge the sentence as an abuse of discretion. The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

2

Barragan-Rodriguez concedes that the first two *Hahn* factors are present—his proposed appeal falls within the scope of the waiver and he knowingly and voluntarily waived his appellate rights. His argument is that the "sentence of 180 months imprisonment constitutes a miscarriage of justice based on his age, poor health, and immigration status. It is also disproportionate to the sentences handed down to other persons who were convicted in this case." Resp. at 2. According to Barragan-Rodriguez, "[a] downward variance below the guideline sentence, but within the range agreed upon by the parties, was appropriate in this case." *Id.* at 2-3.

Barragan-Rodriguez has the burden to demonstrate that enforcement of his appeal waiver would result in a miscarriage of justice. *See United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). We will find that enforcement of an appeal waiver results in a miscarriage of justice only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). "This list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (internal quotation marks omitted).

But Barragan-Rodriguez does not invoke *any* of the miscarriage-of-justice factors. As such, there is no miscarriage of justice. *See id.* at 1002. Further, his

3

argument that the appropriate sentence should have below the guidelines, but within the agreed-upon range, makes no sense. As the district court explained, the plea agreement allowed any sentence in the range between 120 and 192 months, and the undisputed guideline period was 188 to 235 months. The sentence Barragan-Rodriguez says is "appropriate" is the sentence he received because 180 months' imprisonment is below the guidelines and within the agreed-upon range.

We agree with the government that Barragan-Rodriguez's appeal falls within the scope of his appeal waiver, his waiver was knowing and voluntary, and enforcement of the waiver will not result in a miscarriage of justice. Accordingly, we grant the government's motion to dismiss this appeal.

Entered for the Court
Per Curiam
