**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

DEANY NAVA, a/k/a Loco,

　　Defendant - Appellant.

No. 22-6020
(D.C. No. 5:19-CR-00372-F-5)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Deany Nava pleaded guilty to participating in a drug conspiracy. As part of

his plea agreement, he waived the right to appeal. Yet he has filed this appeal. The

government now moves to enforce the appeal waiver. *See United States v. Hahn*,

359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Mr. Nava opposes the

motion. We grant it.

We will enforce an appeal waiver if (1) the appeal falls within the waiver's

scope, (2) the defendant waived the right to appeal knowingly and voluntarily, and

(3) enforcing the waiver would not "result in a miscarriage of justice." *Id.* at 1325.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

***Scope of the waiver.*** Mr. Nava does not contest the government's position that his appeal fits within his waiver's scope, so we need not address that issue. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

***Knowing and voluntary waiver.*** To assess whether a waiver was knowing and voluntary, we typically focus on two factors: "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether the district court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. "[E]ither the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary. But the synergistic effect of both will often be conclusive." *United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013) (per curiam). Mr. Nava has the burden to show that his waiver was not knowing and voluntary. *See id.* at 1233.

Mr. Nava's plea agreement says expressly that he knowingly and voluntarily waived the right to appeal, a fact confirmed by the thorough plea colloquy. Even so, Mr. Nava argues he could not have knowingly waived his appellate rights because, when he entered his plea, he did not know what the advisory Sentencing Guidelines range would be in his case. After all, he says, his waiver contains an exception that would have allowed him to appeal a sentence that exceeded the Guidelines range.[1]

---

[1] His sentence did not exceed the Guidelines range.

So without knowing the range before he pleaded guilty, he concludes, a "truly knowing" appeal waiver was impossible.  Resp. at 4.

Mr. Nava's inability to know the Guidelines range before he entered his plea does not invalidate his appeal waiver.  It is an unavoidable fact that a defendant who waives the right to appeal as part of a plea agreement will do so with incomplete knowledge about future events and circumstances.  *See Hahn*, 359 F.3d at 1326 (recognizing that "when a defendant waives his right to appeal, he does not know with specificity what claims of error" he will forgo).  The limited universe of information available to the parties entering a plea agreement is one relevant factor for them to consider.  *See Porter*, 405 F.3d at 1145 (recognizing that each party to a plea agreement forgoes "certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters").  But the limited nature of the available information is itself known to the parties.  That is especially true here: The court expressly told Mr. Nava during the plea colloquy that the Guidelines range could not be determined until after the presentence report had been completed. Knowing this limit on the available information, Mr. Nava chose to proceed with his plea and the appeal waiver.  In short, he had a "full understanding" of the waiver and its consequences.  *United States v. Vidal*, 561 F.3d 1113, 1119 (10th Cir. 2009) (internal quotation marks omitted).

Mr. Nava points to other factors—his limited education, his difficulty reading, and his difficulty communicating with counsel—that, in his view, prevented him from knowingly waiving his right to appeal.  Despite these factors, however, the plea

3

agreement and the plea colloquy leave no doubt that he knowingly waived the right to appeal. *See Tanner*, 721 F.3d at 1234.

***Miscarriage of justice.*** Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible factor; (2) ineffective assistance of counsel in negotiating the waiver makes the waiver invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, seriously affecting the fairness, integrity, or public reputation of the proceedings. *Hahn*, 359 F.3d at 1327. Mr. Nava has the burden to show that enforcing his appeal waiver will result in a miscarriage of justice. *See United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Mr. Nava suggests that his waiver is invalid because of ineffective assistance of counsel in negotiating it. At the same time, however, he concedes that his ineffective-assistance claim is "better suited for a collateral proceeding." Resp. at 10. That is true. And because Mr. Nava provides no persuasive reason to do otherwise, we follow our general practice of not addressing the merits of an ineffective-assistance claim on direct appeal, even one raised to invalidate an appeal waiver. *See Porter*, 405 F.3d at 1144.

Mr. Nava's miscarriage-of-justice claim centers on an argument that his waiver is otherwise unlawful for two reasons. First, he reiterates his argument that he did not knowingly waive his right to appeal, an argument we have rejected. Second, he highlights a conflict between him and his counsel, concluding that it casts doubt on whether he "received effective assistance of counsel during plea

4

negotiations." Resp. at 12. But that is just an attempt to raise an ineffective-assistance claim now rather than in a collateral proceeding, and we again decline to consider the merits of such a claim here. *See Porter*, 405 F.3d at 1144.

In sum, Mr. Nava has not shown that enforcing the appeal waiver will result in a miscarriage of justice.

*    *    *

We grant the government's motion to enforce the appeal waiver. We dismiss this appeal.

Entered for the Court
Per Curiam