FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 1, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CAMERON KELLY McABEE,

Defendant - Appellant.

No. 23-5097
(D.C. No. 4:21-CR-00361-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **McHUGH**, and **EID**, Circuit Judges.

_____

Cameron Kelly McAbee pleaded guilty to several crimes and received a life sentence. He has appealed even though his plea agreement included a broad appeal waiver. The government now moves to enforce the waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See id.* at 1325. Mr. McAbee does not dispute that his waiver covers this appeal or that he knowingly

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and voluntarily waived his rights. And so we need not address those issues. *See*

*United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

We turn, then, to whether enforcing Mr. McAbee's waiver will result in a

miscarriage of justice. On this question, Mr. McAbee bears the burden. *See United*

*States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). Enforcing an appeal waiver

will result in a miscarriage of justice if (1) the district court relied on an

impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating

the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or

(4) the waiver is otherwise unlawful, seriously affecting the fairness, integrity, or

public reputation of the proceedings. *See Hahn*, 359 F.3d at 1327.

Mr. McAbee argues that enforcing his waiver will result in a miscarriage of

justice because the district court miscalculated the sentencing-guidelines range.

Through a process of elimination, we understand this argument to claim that the

waiver is otherwise unlawful. An alleged sentencing error, however, does not

suggest that the waiver is unlawful: "Our inquiry is not whether the sentence is

unlawful, but whether the waiver itself is unlawful because of some procedural error

or because no waiver is possible." *United States v. Sandoval*, 477 F.3d 1204, 1208

(10th Cir. 2007). Mr. McAbee has therefore failed to show that enforcing his appeal

waiver will result in a miscarriage of justice.

2

We grant the government's motion to enforce the appeal waiver.  We dismiss this appeal.

Entered for the Court
Per Curiam