**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL OCHOA,

    Defendant - Appellant.

No. 24-6024
(D.C. No. 5:22-CR-00239-JD-3)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **ROSSMAN**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Daniel Ochoa's plea agreement. *See United States v. Hahn*,

359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Exercising jurisdiction

under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

## I. BACKGROUND

The government charged Mr. Ochoa and a codefendant, Kevin Tooks, for their

alleged participation in a conspiracy to distribute fentanyl. Mr. Ochoa pleaded guilty

to conspiring to distribute drugs in violation of 21 U.S.C. § 846. The plea agreement

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

contained a broad waiver of his appellate rights. Both by signing the plea agreement and in his responses to the district court's questions at the change-of-plea hearing Mr. Ochoa confirmed that he understood the consequences of his plea, including the appeal waiver, and acknowledged that his plea was knowing and voluntary.

Mr. Ochoa's plea agreement did not mention his codefendant. However, his codefendant's plea agreement was contingent upon his plea, *see* Resp., Attach. 2 at 6 ("The parties agree that this plea agreement is subject to and conditioned on co-defendant Daniel Ochoa entering a plea"), and the district court held a single change-of-plea hearing for Mr. Ochoa and his codefendant.

The district court sentenced Mr. Ochoa to 218 months in prison, which was within the advisory Sentencing Guidelines range of 188 to 235 months. Mr. Ochoa filed a notice of appeal, and the government now moves to enforce the appeal waiver.

## II.  DISCUSSION

When the government moves to enforce an appeal waiver, we assess three factors:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

Mr. Ochoa challenges the voluntariness of his appeal waiver and contends that enforcing the waiver would result in a miscarriage of justice. We do not consider the first factor because Mr. Ochoa concedes that his appeal falls within the waiver's scope. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

**A.  Knowing and Voluntary Waiver**

Mr. Ochoa has the burden to prove that his waiver was not knowing and voluntary.  *Hahn*, 359 F.3d at 1329.  To determine whether Mr. Ochoa knowingly and voluntarily waived his appellate rights, we examine the plea agreement's language and the adequacy of the Federal Rule of Criminal Procedure 11 plea colloquy.  *Id.* at 1325.

Mr. Ochoa's plea agreement and Rule 11 colloquy both indicate that he knowingly and voluntarily accepted the appeal waiver.  His plea agreement provides "Defendant knowingly and voluntarily waives . . . the right to appeal Defendant's guilty plea, and any other aspect of Defendant's conviction."  Mot. to Enforce, Attach. 1 at 7.  The transcript of his change-of-plea hearing demonstrates that the district court conducted an adequate Rule 11 colloquy, during which it ensured Mr. Ochoa understood his plea agreement.  *See generally, id.*, Attach. 3 at 1–93.  And the district court explicitly confirmed Mr. Ochoa understood his appeal waiver by asking him about the specific appellate rights he was giving up.  *See id.* at 60–64.

Nevertheless, Mr. Ochoa contends his plea was involuntary.  In support, he claims that his package plea deal was inherently coercive and that the district court should have held separate change-of-plea hearings for himself and his codefendant, because holding only one hearing "did not alleviate any danger of coercion that existed between the co-defendants as each of their statements had to be made in front of the other."  Resp. at 12.

3

Package plea deals are not per se involuntary. *Cf Miles v. Dorsey*, 61 F.3d 1459, 1468 (10th Cir. 1995) ("Because almost anything lawfully within the power of a prosecutor acting in good faith can be offered in exchange for a guilty plea, we have ruled that a plea is not per se involuntary if entered under a plea agreement that includes leniency for a third party." (brackets, citation, and internal quotation marks omitted)). But "[w]e have recognized that threats to prosecute or promises of leniency to third persons to induce guilty pleas can pose a danger of coercion and therefore require special care to insure that the plea was in fact entered voluntarily and was not the product of coercion." *United States v. Carr*, 80 F.3d 413, 416 (10th Cir. 1996) (internal quotation marks omitted). This is especially true in cases involving third persons who have particularly close familial or romantic bonds to the accused. *See id.* at 417. Even so, "we have insisted that an accused's choice be respected, and if he elects to sacrifice himself for such motives, that is his choice." *Id.* (internal quotation marks omitted).

The record in this case does not suggest any such bond existed between Mr. Ochoa and his codefendant, nor does it indicate that Mr. Ochoa's acceptance of the plea bargain was an act of sacrifice. Instead, it appears he pleaded guilty in hopes of avoiding a harsher sentence. *See* Mot. to Enforce, Attach. 1 at 5 ("The parties agree Defendant should receive a two-level downward adjustment for Defendant's acceptance of responsibility"); *id.*, Attach. 2 at 10 (explanation in Mr. Ochoa's plea petition that he entered his plea agreement "[t]o avoid exposure to a longer prison sentence than what is described in the plea agreement.").

4

In any event, the Rule 11 colloquy shows that the district court took special care to ensure that Mr. Ochoa entered his plea voluntarily. The court explicitly confirmed that no one forced or threatened Mr. Ochoa to accept the plea agreement. *See id.*, Attach. 3 at 58. The court also specifically verified that he did not feel coerced to plead because of his codefendant's plea agreement:

> THE COURT: Now, I want to ask you: Do you feel forced in any way -- because Mr. Tooks is pleading guilty, do you feel forced to plead guilty in this case?
>
> THE DEFENDANT OCHOA: No.
>
> THE COURT: Are you making your own decision to plead guilty?
>
> THE DEFENDANT OCHOA: Yes.
>
> THE COURT: And that's independent of what Mr. Tooks does?
>
> THE DEFENDANT OCHOA: Yes, ma'am.

*Id.* at 62–63.

Finally, Mr. Ochoa's assertion that the prosecution filing a last-minute complaint against him impacted the voluntariness of his plea is also unpersuasive. It is well settled that in cases where there are multiple potential charges, the government may leverage them during plea negotiations. *See* Fed. R. Crim. P. 11(c)(1)(A); *Bordenkircher v. Hayes*, 434 U.S. 357, 363–64 (1978). Likewise, giving codefendants a short amount of time to consider a package plea agreement does not necessarily render their pleas involuntary. *See, e.g.*, *United States v. Robinson*, 587 F.3d 1122, 1127–28 (D.C. Cir. 2009) (holding that a package plea agreement was not involuntary where three codefendants who were confined to a holding cell were

given a short time to consider the plea agreement and they all confirmed during their plea colloquies that they had entered the plea agreement voluntarily).  Mr. Ochoa has failed to meet his burden to show that his waiver was not knowing and voluntary.

## B. Miscarriage of Justice

Mr. Ochoa also has the burden to demonstrate that his appeal waiver will result in a miscarriage of justice.  *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).  To satisfy this burden, he must show that (1) the district court relied on an impermissible factor such as race, (2) there was ineffective assistance of counsel specifically as to the negotiation of the appeal waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful.  *See Hahn*, 359 F.3d at 1327.

Mr. Ochoa argues that enforcement of his appeal waiver will result in a miscarriage of justice because it is otherwise unlawful.  To establish that enforcement of his waiver is otherwise unlawful, he must show that an error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 1329.  In support, Mr. Ochoa presents essentially the same argument we rejected as to the voluntariness of his plea.  He argues that the district court's decision to hold his plea colloquy together with his codefendant's seriously affected the fairness of the proceedings because his codefendant "needed Mr. Ochoa's acceptance of the plea agreement to obtain the benefit of his bargain."  Resp. at 15.  He does not offer further explanation or support for this argument and therefore has not met his burden.

6

### III. CONCLUSION

We grant the government's motion to enforce and therefore dismiss this appeal. We deny Mr. Ochoa's motion to supplement the record.

Entered for the Court

Per Curiam