**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 11, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MALYK JAJUAN RANSBURG,

    Defendant - Appellant.

No. 25-6155
(D.C. No. 5:24-CR-00250-PRW-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Malyk Jajuan Ransburg pleaded guilty to being a felon in possession of

ammunition and a firearm, 18 U.S.C. § 922(g)(1), and possession of

methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1).  He was sentenced

to 324 total months in prison.  Mr. Ransburg seeks to appeal his sentence, but the

government has moved to enforce the appeal waiver contained in his plea agreement.

*See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)

(per curiam).  Mr. Ransburg responded in opposition, and the government replied.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The *Hahn* factors at issue here are whether Mr. Ransburg's appeal falls within the scope of the appeal and whether the enforcement of the waiver would result in a miscarriage of justice. *See id.* at 1326-27.

**Scope of Appeal Waiver**

Mr. Ransburg argues that this appeal falls outside of the scope of his appeal waiver. This argument has two components. He first argues that the government breached the plea agreement when it did not support a downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. Second, he argues that the language of the plea agreement led him to reasonably expect that downward adjustment, which he did not receive. Appeal waivers may be unenforceable if the government breaches the terms of the agreement. *United States v. Guzman*, 318 F.3d 1191, 1195 (10th Cir. 2003). "General principles of contract law define the government's obligations under the agreement, looking to the express language and construing any ambiguities against the government as the drafter of the agreement." *Id.*

The plea agreement provides that Mr. Ransburg "should receive a two-level downward adjustment for [his] acceptance of responsibility" so long as he does "not falsely deny or frivolously contest relevant conduct . . . . Further, if the Court applies that two-level downward adjustment, the United States will move for an additional one-level downward adjustment . . . . " R. vol. 1 at 50. The plea agreement also includes a section where Mr. Ransburg "acknowledges and understands that the

Court is not bound by, nor obligated to accept" the agreements and recommendations in the plea agreement. *Id.* at 51.

There was no breach of the plea agreement here, nor did the plea agreement require Mr. Ransburg to receive a downward adjustment for acceptance of responsibility. The plea agreement makes clear that Mr. Ransburg could not falsely deny or frivolously contest relevant conduct from his case. But the district court found he did just that in his testimony at sentencing and accordingly declined to apply the downward adjustment. It follows that the government was under no obligation to request the downward adjustment. And the plea agreement is also clear that the district court had no obligation to follow or accept the terms of the plea agreement and that the downward adjustment was contingent on Mr. Ransburg's not falsely denying or frivolously contesting the relevant conduct.

Mr. Ransburg waived the sentencing challenges he seeks to bring on appeal: "Defendant waives the right to appeal Defendant's sentence . . . and the manner in which the sentence is determined, including its procedural reasonableness." *Id.* at 52; *see also United States v. Rocha*, 145 F.4th 1247, 1262 (10th Cir. 2025) ("A challenge to the district court's denial of an acceptance-of-responsibility adjustment must be analyzed under the rubric of procedural error." (internal quotation marks omitted)). Mr. Ransburg's appeal falls within the scope of the appeal waiver contained in his plea agreement.

3

**Miscarriage of Justice**

Mr. Ransburg argues that enforcing the appeal waiver here and not allowing him to challenge errors the district court made during sentencing would be a miscarriage of justice. Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See Hahn*, 359 F.3d at 1327. "The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice." *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Citing the fourth factor, Mr. Ransburg says it would be unlawful to enforce the appeal waiver. "Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). Mr. Ransburg's challenges here focus on the district court's sentencing decisions and the government's arguments in the motion to enforce, not on the lawfulness of his appeal waiver. Mr. Ransburg has not met his burden to show the miscarriage of justice exception applies to his appeal waiver.

4

We grant the government's motion to enforce the appeal waiver. We dismiss this appeal.

Entered for the Court

Per Curiam