**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SCOTT JAMES BERKSHIRE,
a/k/a Justhornytulsa2, a/k/a Steve,
a/k/a jlooking1960@gmail.com,
a/k/a jlooking1960@yahoo.com,

    Defendant - Appellant.

No. 26-5021
(D.C. No. 4:24-CR-00275-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HOLMES**, Chief Judge, **TYMKOVICH** and **FEDERICO**, Circuit Judges.

_____

Scott James Berkshire pleaded guilty to possession of child pornography in Indian Country, in violation of 18 U.S.C. § 2252(a)(4)(A) and (b)(2). He was sentenced to 14 years in prison. Mr. Berkshire seeks to appeal his sentence, but the government has moved to enforce the appeal waiver contained in his plea agreement. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Mr. Berkshire responded in opposition.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See id.* at 1325. The *Hahn* factor at issue here is whether enforcement of Mr. Berkshire's appeal waiver would result in a miscarriage of justice.

Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* at 1327. "The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice." *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Mr. Berkshire argues that the district court's decision to sentence him at the high-end of the sentencing guidelines range was an abuse of discretion because it did not properly consider Mr. Berkshire's mitigating evidence, which amounts to a miscarriage of justice. Mr. Berkshire's challenge here focuses on the district court's sentencing decisions, not any of the miscarriage of justice categories identified in *Hahn*. Mr. Berkshire's argument that his appeal waiver is unenforceable because of the district court's underlying sentencing error fails. *See United States v. Gutierrez*, 133 F.4th 999, 1010 (10th Cir. 2025) ("[T]he relevant question under *Hahn* is whether the waiver is otherwise unlawful and not whether another aspect of the

sentencing proceeding may have involved legal error." (internal quotation marks omitted)).  Accordingly, he has not met his burden to show the miscarriage of justice exception applies to his appeal waiver.

We grant the government's motion to enforce the appeal waiver.  We dismiss this appeal.

Entered for the Court

Per Curiam