**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SAMMIE JOE PERALTA,

    Defendant - Appellant.

No. 25-2152
(D.C. No. 5:25-CR-00270-KG-1)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Sammie Joe Peralta pleaded guilty to possession with intent to distribute methamphetamine. He received a 240-month sentence. Mr. Peralta has appealed, but the government has moved to enforce the appeal waiver contained in his plea agreement. _See United States v. Hahn_, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Mr. Peralta responded in opposition.

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. _See id._ at 1325.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Scope of the Waiver

"When construing an appellate waiver, we apply well-established contract principles and examine the plain language of the plea agreement." *United States v. Taylor*, 413 F.3d 1146, 1151 (10th Cir. 2005) (internal quotation marks omitted).

Mr. Peralta's signed plea agreement indicates that he waived the right to appeal his "conviction(s) and any sentence, at or under the maximum statutory penalty authorized by law." R. vol. 1 at 21. During the plea colloquy, the magistrate judge reviewed the plea agreement with Mr. Peralta and stated, "If I accept your agreement you're waiving or giving up your right to appeal your conviction and sentence unless the district judge imposes a sentence that's greater than what the law allows." R. vol. 3 at 42.

Mr. Peralta argues that the magistrate judge's statement at the plea colloquy narrowed the scope of his appeal waiver, allowing him to appeal from any sentence "greater than what the law allows," *id.*, which could "mean something broader than above the statutory maximum," Aplt. Resp. at 9 (internal quotation marks omitted). We disagree. The magistrate judge's statement was consistent with the language of the appeal waiver: "at or under the maximum statutory penalty *authorized by law*." R. vol. 1 at 21 (emphasis added). The plain language of the plea agreement does not conflict with the magistrate judge's statements at the plea colloquy, which clearly referred to Mr. Peralta waiving any challenge to his sentence unless it was greater than the statutory maximum.

2

Mr. Peralta also argues that his waiver permits him to raise a Second Amendment challenge to his sentence because "nothing in the waiver language of the plea agreement or change of plea hearing demonstrates that [he] waived his fundamental Second Amendment right to possess a firearm." Aplt. Resp. at 14. But he waived the right to appeal his sentence so long as it did not meet or exceed the statutory maximum. The appeal waiver contained no exception for claims based on the Second Amendment. Accordingly, this appeal is within the scope of his waiver.

### Knowing and Voluntary Waiver

When assessing whether an appeal waiver "is knowing and voluntary, we especially look to two factors": (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) whether the district court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. It is Mr. Peralta's burden to demonstrate that his waiver was not knowing and voluntary. *United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (per curiam).

Mr. Peralta's signed plea agreement and the plea colloquy make clear that he knowingly and voluntarily waived his right to appeal. Arguing otherwise, he emphasizes the conflict he sees between the language of the waiver and the magistrate judge's description of it. As we have already explained, however, no such conflict exists.

3

## Miscarriage of Justice

Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See Hahn*, 359 F.3d at 1327. "The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice." *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Mr. Peralta's argument that enforcing his waiver would result in a miscarriage of justice depends on his claim that the magistrate judge inaccurately described his waiver, a claim we have already rejected.

## Conclusion

We grant the government's motion to enforce the appeal waiver. We dismiss this appeal.

Entered for the Court

Per Curiam

4