FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARVIN SAKORI MALEIK DUDLEY,

    Defendant - Appellant.

No. 22-1016
(D.C. No. 1:18-CR-00286-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Marvin Dudley pleaded guilty to possessing a firearm as a felon and to possessing a firearm in furtherance of a drug-trafficking crime. *See* 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(i). As his plea agreement required, he waived the right to appeal. He has appealed nevertheless, and the government moves to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Seeing no grounds to oppose the government's motion, Mr. Dudley's attorney moves to withdraw. *See Anders v. California*, 386 U.S. 738,

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

744 (1967).  At our invitation, Mr. Dudley himself has responded to the government's motion.[1]

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant waived the right to appeal knowingly and voluntarily, and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

***Scope of the waiver.***  Mr. Dudley waived the right to appeal "any matter in connection with this prosecution, conviction, or sentence" subject to three exceptions that do not apply.  R. vol. 1 at 149–50.  This appeal fits within the scope of the waiver.

***Knowing and voluntary waiver.***  Mr. Dudley does not dispute the government's claim that he waived the right to appeal knowingly and voluntarily. And our own examination of the proceedings reveals no grounds to dispute the government's position.  *See Anders*, 386 U.S. at 744.

***Miscarriage of justice.***  Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, seriously affecting the fairness, integrity, or public reputation of the proceedings.  *Hahn*, 359 F.3d at 1327.  Mr. Dudley has the burden to show that enforcing his appeal

---

[1] Mr. Dudley has filed a response and a supplement to the response.

2

waiver will result in a miscarriage of justice.  *See United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Mr. Dudley argues that his waiver is otherwise unlawful because he is actually innocent of the § 924(c) count.  In the context of a prisoner's first habeas proceedings, a credible showing of actual innocence can overcome procedural default and the limitations period.  *See Fontenot v. Crow*, 4 F.4th 982, 1029 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2777 (2022) (citing *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013)).  But neither the Supreme Court nor this court has ever held that actual innocence can overcome an appeal waiver.  And even if it could, Mr. Dudley has not made a credible showing of actual innocence.

The § 924(c) count alleged that Mr. Dudley possessed a firearm in furtherance of a drug-trafficking crime—possession of a controlled substance under 21 U.S.C. § 844(a).  Simple possession qualifies as a drug-trafficking crime if it is a felony. *See* § 924(c)(2).  And simple possession is a felony if the defendant has "a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State."  § 844(a); *see* 18 U.S.C. § 3559(a).

In his plea agreement, Mr. Dudley stipulated that he had four prior Colorado controlled-substance convictions and that any one of them made simple possession a felony that could serve as the predicate for the § 924(c) count.  Now, though, he says one of his prior convictions does not qualify as a "drug, narcotic, or chemical offense" under § 844(c).  As a result, he concludes, simple possession was not a felony for him, and he is innocent of the § 924(c) count.

3

Mr. Dudley's argument does not suggest his innocence. He stipulated that he had *four* prior convictions, each of them sufficient to make simple possession a felony. So it does not matter if *one* of them does not in fact qualify as a "drug, narcotic, or chemical offense." That would still leave him, by his own stipulation, with three prior convictions that each made simple possession a felony.

Mr. Dudley also argues that the district court erred in denying his motion to dismiss and that the district court showed animus toward him at sentencing. These arguments allege error in Mr. Dudley's conviction and sentence, not in the appeal waiver itself. So to the extent Mr. Dudley contends those errors make his waiver otherwise unlawful, he is mistaken: "An appeal waiver is not 'unlawful' merely because the claimed error would, in the absence of waiver, be appealable." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007).

In sum, Mr. Dudley has not shown that enforcing his appeal waiver will result in a miscarriage of justice.

\*     \*     \*

We grant the government's motion to enforce the appeal waiver. We grant defense counsel's motion to withdraw. We deny Mr. Dudley's request to appoint different counsel to represent him. We dismiss this appeal.

Entered for the Court
Per Curiam