**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EUGENE DESHON HALL, a/k/a Eugene
Deshan Hall; Shon Hall; Eugene Deshon
Hally; Prince,

    Defendant - Appellant.

No. 22-6134
(D.C. No. 5:21-CR-00191-D-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **BACHARACH**, and **EID**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Eugene Deshon Hall's plea agreement.  Exercising jurisdiction

under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

Mr. Hall pleaded guilty to one count of unlawful possession of a firearm by a

felon, in violation of 18 U.S.C. § 922(g)(1).  Pursuant to the agreement, he waived

his "right to appeal [his] guilty plea" and his "sentence as imposed by the Court . . .

and the manner in which the sentence is determined" unless "the sentence is above

---

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the advisory Guidelines range determined by the Court to apply to [his] case."  Mot. to Enforce, Attach. 1 at 8-9.

The district court accepted Mr. Hall's guilty plea as knowing and voluntary, overruled his objections to the presentence report, determined that the applicable guidelines range was 110 to 120 months, and sentenced him at the bottom of that range to 110 months' imprisonment.  Despite his appeal waiver, Mr. Hall filed this appeal.  His docketing statement indicates that the issue he intends to raise on appeal is that his sentence is both procedurally and substantively unreasonable.

In ruling on a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

Mr. Hall acknowledges that his appeal falls within the scope of his appeal waiver and that the waiver was knowing and voluntary, so we do not address those issues.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (court need not address uncontested *Hahn* factors).  He contends, however, that enforcing the waiver would be a miscarriage of justice because the district court improperly increased the base offense level based on his previous convictions for controlled substance offenses.  Specifically, he claims the state drug offenses he was convicted of do not meet the definition of a "controlled substance offense" under U.S. Sentencing Guidelines Manual § 4B1.2(b) (U.S. Sent'g Comm'n 2018).

2

A miscarriage of justice occurs where (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). Mr. Hall's argument regarding the district court's calculation of the guidelines range falls within the fourth miscarriage-of-justice scenario.

"The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice." *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). To show that an appeal waiver is "otherwise unlawful," the defendant must prove that the alleged error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings[.]" *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). The "inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007).

Mr. Hall's argument challenges the propriety of his sentence, not the legality of his appeal waiver. But a defendant may not rely on the "otherwise unlawful" exception to avoid enforcement of an appeal waiver based on alleged errors in the calculation of his sentence. *See United States v. Smith*, 500 F.3d 1206, 1212-13 (10th Cir. 2007) (explaining that the miscarriage-of-justice inquiry "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding

3

may have involved legal error," and holding that a defendant may not rely on alleged errors at sentencing to avoid enforcement of an appeal waiver (citation and internal quotation marks omitted)).

## CONCLUSION

For the reasons discussed above, we grant the government's motion to enforce, and dismiss the appeal.

Entered for the Court
Per Curiam