**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 8, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARIO DAVID BANDA-ALICEA,

    Defendant - Appellant.

No. 24-2036
(D.C. No. 2:23-CR-01577-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Pursuant to a plea agreement containing an appeal waiver, Mario David

Banda-Alicea pleaded guilty to being a felon in possession of a firearm and

ammunition, in violation of 18 U.S.C. § 922(g)(1) and § 924.  The district court

varied upward from the advisory Sentencing Guidelines range of 70 to 87 months and

sentenced him to 108 months in prison.[1]  Mr. Banda-Alicea appealed, and the

government now moves to enforce the appeal waiver.  *See United States v. Hahn*,

359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] This sentence did not exceed the statutory maximum of fifteen years in
prison.  *See* §§ 922(g)(1), 924(a)(8).

## DISCUSSION

When the government moves to enforce an appeal waiver, we assess three factors: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Banda-Alicea contends that enforcing the waiver would result in a miscarriage of justice. We do not consider the scope-of-the-waiver and knowing-and-voluntary factors because he does not challenge them. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

We will find that enforcement of an appeal waiver results in a miscarriage of justice only where: (1) the district court relied on an impermissible factor such as race, (2) there was ineffective assistance of counsel specifically as to the negotiation of the appeal waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful. *See Hahn*, 359 F.3d at 1327.

The burden of demonstrating a miscarriage of justice is Mr. Banda-Alicea's. *See United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). He argues that enforcement of his appeal waiver will result in a miscarriage of justice because the district court relied on an impermissible factor in imposing his sentence—namely, his arrest record. In support of his argument, Mr. Banda-Alicea asserts the district court violated United States Sentencing Guideline (USSG) § 4A1.3(a)(3), which prohibits consideration of a "prior arrest record itself" in imposing an upward departure. Resp. at 2. But, as the government correctly points out, the district court imposed an

upward *variance* in Mr. Banda-Alicea's case and, by its plain language, § 4A1.3(a)(3) applies to upward *departures*. *See* USSG § 4A1.3(a)(3) (providing that "[a] prior arrest record itself shall not be considered for purposes of an upward departure under this policy statement.").

While a departure and a variance may lead to the same result (a sentence outside the advisory Sentencing Guidelines range), they reach that result in different ways and are subject to different requirements.[2] Section 4A1.3(a)(3)'s prohibition on *departing* upward based on a prior arrest record did not preclude the district court from considering Mr. Banda-Alicea's prior arrests when it *varied* upward. District courts may consider a defendant's prior arrests "to determine the adequacy of the advisory Guidelines sentencing range in fulfilling the relevant sentencing objectives described in § 3553(a)(2)." *United States v. Mateo*, 471 F.3d 1162, 1167–68 (10th Cir. 2006).

Mr. Banda-Alicea has not shown that the alleged error in his case—the district court's consideration of his prior arrests—amounts to reliance on an impermissible factor such as race. Thus, he has not met his burden to demonstrate that enforcement of his appeal waiver will result in a miscarriage of justice.

---

[2] "'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Irizarry v. United States*, 553 U.S. 708, 714 (2008). By contrast, a "variance" is a non-Guidelines sentence imposed outside the Guidelines framework, *see* USSG § 1B1.1 cmt. background, that "can be imposed without compliance with the rigorous requirements for departures." *United States v. Gantt*, 679 F.3d 1240, 1247 (10th Cir. 2012).

**CONCLUSION**

We grant the government's motion to enforce and dismiss this appeal.


Entered for the Court


Per Curiam